

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

April 6, 1967

Representative Vernon J. Stewart          Opinion No. M-52
House of Representatives
Austin, Texas                             Re:  Construction of House Bill
                                               788 of the 60th Legislature
                                               relating to the trial of
                                               minors charged with the
                                               offense of driving while
                                               intoxicated under the pro-
                                               visions of Chapter 302, Acts
                                               of the 55th Legislature,
Dear Representative Stewart:                   Regular Session, 1957.

        Your request for an opinion on the above subject matter
reads as follows:

        "The Committee on Juvenile Crime and
Delinquency met on April 3, 1967, and voted
unanimously to request of your office an of-
ficial opinion on the following:

        "1.  Concerning the attached copy of
H.B. 788 by Stewart and Jamison, does this
bill carry a subpoena power with it as it
is now printed?

        "2.  Would it be necessary for this bill
to carry a subpoena power with it in order
to require the parents to appear in court, or
would you suggest another method?

        "3.  If this bill does carry, or is
amended to carry the subpoena power, what
would be the penalties if the parent did not
appear in court, and was held in contempt?

        "Thank you for your consideration of
this matter."

        House Bill 788 of the 60th Legislature, as now printed,
reads as follows:

" A BILL TO BE ENTITLED

AN ACT

relating to the trial of juvenile traffic of-
fenders; amending Chapter 302, Acts of the 55th
Legislature, Regular Session, 1957 (Article
802e, Vernon's Texas Penal Code), by adding a
new Section 1a to require the presence of the
juvenile and one or both parents or guardians
in open court before the judge; and declaring
an emergency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1.   Chapter 302, Acts of the 55th
Legislature, Regular Session, 1957 (Article 802e,
Vernon's Texas Penal Code), is amended by adding
a new Section 1a, reading as follows:

"'Section 1a.   No such minor may plead guilty
to any offense described in Section 1 of this Act
except in open court before the judge.  No such
minor shall be convicted of such an offense or fined
as provided in this Act except in the presence of
one or both parents or guardians having legal cus-
tody of the minor.  The court shall cause one or
both parents or guardians to be summoned to appear
in court and shall require one or both of them to
be present during all proceedings in the case.
However, the court may waive the requirement of
the presence of parents or guardians in any case
in which, after diligent effort, the court is
unable to locate them or to compel their presence.'

"Sec. 2.   The importance of this legislation
and the crowded condition of the calendars in
both houses create an emergency and an imperative
public necessity that the Constitutional Rule re-
quiring bills to be read on three several days in
each house be suspended, and this Rule is hereby
suspended."

It is noted that House Bill 788 of the 60th Legislature
is an amendment to Chapter 302, Acts of the 55th Legislature,
Regular Session, 1957, an act making it a misdemeanor punishable
by fine for certain minors to drive or operate a motor vehicle while
under the influence of intoxicating liquor, or in such way as to

violate any traffic law of this state.

In construing the provisions of Chapter 302, Acts of the 55th Legislature, Regular Session, 1955, codified in Vernon's as Article 802e, Vernon's Penal Code, it was held in Attorney General's Opinion WW-547 (1959):

"The offenses created by Article 802e, Vernon's Penal Code, are a departure from the general policy for handling juvenile offenders and constitute exceptions to the foregoing language, and as to the offenses thus created, Article 2338-1, Vernon's Civil Statutes, will not apply.

"It is to be noted that Section 4 of Article 802e, of Vernon's Penal Code, supra, clearly provides that statutes dealing with proceedings involving unlawful conduct of minors shall not be repealed or affected. Nothing in Article 802e, Vernon's Penal Code, would prevent civil proceedings for correction of a minor in the juvenile court. The Act is merely 'cumulative' of, or in addition to, other statutes dealing with the conduct of minors contrary to the penal statutes, authorizing an additional procedure in the nature of a criminal action against such minor.

"Therefore, it is the opinion of this office that since Article 802e, Vernon's Penal Code, creates an entirely new offense and further provides that the juvenile court shall not have jurisdiction over the minor, then such minor who fails to make bond pending trial will be treated as adults and may be confined in jail."

The amendment contained in House Bill 788 of the 60th Legislature prohibits a plea of guilty by a minor except in open court before a judge. It requires the presence of one or both parents or guardians having legal custody of the minor at the time of conviction unless the court is unable to locate such parents or guardians or to compel their presence after diligent effort by the court. It specifically authorizes the court to summon the parents or guardians and directs the court to require one or both parents or guardians to be present during all proceedings in the case. Therefore, the court is not only authorized to subpoena the parents or guardians of a minor charged with an offense under Article 802e of the Penal Code, but House Bill 788 makes it the mandatory duty of the court to require the presence of such parents or guardians during all proceedings in the case, and only after "diligent effort" by the

court is the court permitted to waive the requirement of the presence of parents or guardians in any case involving a violation of Chapter 302, Acts of the 55th Legislature, Regular Session, 1957.

You are therefore advised in answer to your questions that under the present wording of House Bill 788, if enacted, a court will have sufficient power to require the presence of parents or guardians in any case in which a minor is charged with a violation of the provisions of Article 802e, Vernon's Penal Code. A violation of any order of the court in this regard will be punishable by contempt proceedings, in the same manner and to the extent as contempt proceedings in the District and other courts.

S U M M A R Y

Under the present wording of House Bill 788 of the 60th Legislature, if enacted, it will be the mandatory duty of the court to subpoena one or both parents or guardians of a minor charged with a violation of Article 802e, Vernon's Penal Code, and require the presence of one or both parents or guardians during all proceedings in the case, and the court may waive such requirement only in the event that the court, after diligent effort, is unable to locate them or to compel their presence.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Roger Tyler
Pat Bailey
John Banks
William J. Craig

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.